ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RODNEY JOHNSON,

     Plaintiff,

vs.

THE VIEW AT SHELBY FARMS, and     Cause No:
BIRGE & HELD ASSET     Div.:
MANAGEMENT, LLC,     Jury Demanded

     Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Rodney Johnson, and would show unto the Court as follows:

### I.

That your Plaintiff is a resident citizen of Shelby County, Tennessee; that your Defendant, The View at Shelby Farms, is a company conducting business in the State of Tennessee; that your Defendant, Birge & Held Asset Management, LLC, is a foreign limited liability company licensed and authorized to conduct business in the State of Tennessee

### II.

That on or about September 24, 2020, Plaintiff, Rodney Johnson, was an invitee of The View at Shelby Farms apartments owned and operated by the Defendant, Birge & Held Asset Management, LLC, and located at 8056 Country Squire Lane, Cordova, Shelby County, Tennessee 38018.  That Plaintiff, while climbing the stairs, suddenly and without warning, slipped and fell on what is believed to be algae that Defendant allowed to accumulate on the common area staircase landing leading to multiple apartments causing serious injury to your Plaintiff.

**III.**

At all times material to this Complaint, the Defendants, The View at Shelby Farms and Birge & Held Asset Management, LLC, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1.      The Defendants had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2.      The Defendants had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer her injuries.

3.      The Defendants were guilty of negligence in that they failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4.      The Defendants were further guilty of negligence in that they failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5.      That the Defendants are guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition.  Said condition having existed for a period of time that your Defendant knew or should have known of the dangerous condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

## IV.

As a direct and proximate result of the negligence of the Defendants, and resulting accident, the Plaintiff, Rodney Johnson, suffered serious, painful and permanent injuries, and mental anguish; Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiff's capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Rodney Johnson, be awarded compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND and 00/100 ($250,000.00) DOLLARS.

3. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

4. Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted this __17__ day of September, 2021.

By:_____
Allen Gressett, Esq. (#29187)
Schwed, Adams & McGinley, P.A.
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee  38103
Telephone:  (901) 313-3411
Facsimile:  (901) 577-1400

SCHWED, ADAMS & MCGINLEY, P.A. is surety for the court costs of this cause.

3

SCHWED, ADAMS & MCGINLEY, P.A.

ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____

⦿ Lawsuit
◯ Divorce

Ad Damnum $ _____

RODNEY JOHNSON

VS

THE VIEW AT SHELBY FARMS, and
BIRGE & HELD ASSET MANAGEMENT,
LLC

Plaintiff(s)

Defendant(s)

TO: (Name and Address of Defendant (One defendant per summons))

BIRGE & HELD ASSET MANAGEMENT, LLC
c/o CT CORPORATION SYSTEM
3800 NORTH CENTRAL AVENUE
SUITE 460
PHOENIX, ARIZONA 85012

Method of Service:

◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
⦿ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's

attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103

telephone (901) 313-3411                within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master      By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____ , 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                                          Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ , 20_____ .

                                                          By: _____
                                                               Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**     CT-3769-21

**Type:**              SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____      ⦿ Lawsuit   ◯ Divorce      Ad Damnum $ _____

| Plaintiff(s) | VS | Defendant(s) |
|---|---|---|
| RODNEY JOHNSON | | THE VIEW AT SHELBY FARMS, and BIRGE & HELD ASSET MANAGEMENT, LLC |

TO: (Name and Address of Defendant (One defendant per summons))

BIRGE & HELD ASSET MANAGEMENT, LLC
8902 NORTH MERIDIAN STREET
SUITE 205
INDIANAPOLIS, INDIANA 46260

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
⦿ Private Process Server
◯ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103 telephone (901) 313-3411 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____      By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master      By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____ , 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                                                          Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ , 20_____ .

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**   CT-3769-21

**Type:**               SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____

◉ Lawsuit
○ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| RODNEY JOHNSON | VS | THE VIEW AT SHELBY FARMS, and BIRGE & HELD ASSET MANAGEMENT, LLC |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

THE VIEW AT SHELBY FARMS
c/o CT CORPORATION SYSTEM
3800 NORTH CENTRAL AVENUE
SUITE 460
PHOENIX, ARIZONA 85012

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
◉ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103 telephone (901) 313-3411 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master     By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                    By: _____
Signature of person accepting service                                           Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                            By: _____
                                                                                    Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**       RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**   CT-3769-21

**Type:**                SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. _____

○ Lawsuit
○ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| RODNEY JOHNSON | VS | THE VIEW AT SHELBY FARMS, and BIRGE & HELD ASSET MANAGEMENT, LLC |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

THE VIEW AT SHELBY FARMS
8056 COUNTRY SQUIRE LANE
CORDOVA, TENNESSEE 38018

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's

attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103

telephone (901) 313-3411 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                              Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

 **The Shelby County, Tennessee Circuit Court**

**Case Style:**          RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**      CT-3769-21

**Type:**                   SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RODNEY JOHNSON,

     Plaintiff,

vs.

THE VIEW AT SHELBY FARMS and
BIRGE & HELD ASSET MANAGEMENT,
LLC,

     Defendants.

Case No:
Div.:
Jury Demanded

## NOTICE OF PROPOUNDING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, BIRGE & HELD ASSET MANAGEMENT, LLC

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and propound the following Interrogatories and Requests for Production to be answered by Defendant, Birge & Held Asset Management, LLC, under oath and in writing within forty five (45) days after service hereof as provided by Tennessee Rules of Civil Procedure 33 & 34.

By: _____
    Allen Gressett, Esq. (#29187)
    Email: agressett@schwedlawfirm.com
    Attorney for Plaintiff
    Schwed, Adams & McGinley, P.A.
    88 Union Center
    88 Union Avenue
    11th Floor, Suite 1100
    Memphis, Tennessee  38103
    Telephone:  (901) 313-3411
    Facsimile:  (901) 577-1400

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 2 of 14

## <u>CERTIFICATE OF SERVICE</u>

I, Allen Gressett, do hereby certify that a true and correct copy of the foregoing has been sent for service with the Complaint.

_____
ALLEN GRESSETT, ESQ.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 3 of 14

## DEFINITIONS

1.   The term "document" or "documents" shall mean any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type of description, regardless of origin or location, in your actual or constructive possession, custody or control. And whether prepared, published, or recorded by your or any other person or entity, including without limitation all correspondence, records, tables, charts, analyses, graphs, videotapes, photographs, schedules, films, reports, slides, negatives, audiotapes, memoranda, notes lists, calendars, telexes, messages (including but not limited to, reports of telephone conversations and conferences, studies, books, periodicals, magazines, booklets, circulars, bulletins, inter-office communications, questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, invoices, statements, acknowledgments, bills, bills of lading, data processing cards, generated matter, photographs, photographic negatives, phonographic records, transcripts or logs of recordings, all other data compilations from which data can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinion or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts and/or preliminary notes), or any other situation in which thoughts and/or ideas are recorded in any form whatsoever. If a document has been prepared and several copies or additional copies have been made, or copies are not identical (by reason of subsequent modification, by the addition of notations or other marginalia) each non-identical copy is a subsequent document.

2.   "Identify," used with respect to documents means that you are required, for each and every document, to:

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 4 of 14

(a)    state the exact name and title by which you refer to it; (b) state the date of the document and all of its serial or identifying numbers, if any; (c) identify, by providing all of the information required by Definition No. 3, each and every person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document; (d) state its general subject matter; (e) state the current location of the document and identify, by providing all information required by Definition No. 3, the present custodian of the document; (f) identify, by providing all of the information required by Definition No. 3, each and every addressee, if any, of the document or any copy of the document.

3.    "Identify," when used in reference to persons means that you are required to state the name and last known business and residence address, and, if other than natural persons, the full name and address of the entity.

4.    "Person" or "persons" shall mean all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization, business, public governmental entity, private governmental agency, and/or any other entity of any type or kind whatsoever whether recognized in law, fact, or otherwise.

5.    "You" or "your" shall mean Birge & Held Asset Management, LLC's, as well as all representatives and other persons acting on behalf of BIRGE & HELD ASSET MANAGEMENT, LLC, including but not limited to all agents and attorneys.

6.    Use of the present tense in this document includes the past and future tenses, use of singular form includes the plural form and use of the masculine form include the feminine form and vice-a-versa.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 5 of 14

      7.    "Our" and/or "ours" shall mean RODNEY JOHNSON's, as well as all representatives and other persons acting on behalf of RODNEY JOHNSON, including but not limited to all agents and attorneys.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management,
LLC
Page 6 of 14

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT, BIRGE & HELD ASSET MANAGEMENT, LLC

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   Please state whether the entity named as the Defendant in the Complaint had ownership, possession and/or control of the premises described in the Complaint at the time of the incident described in the Complaint.  If not, please identify the person or entity who did have ownership, possession and/or control at the time of the incident described in the Complaint.

3.   Describe any and all policies of insurance which you contend cover or may cover the Defendant named in the Complaint for the allegations set forth in plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4.   Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 7 of 14

5.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

6.      State the facts upon which you rely for each affirmative defense in your answer.

7.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

8.      Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

9.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 8 of 14

10.      Specify all persons whom you intend to call as a witness at the trial of this matter, including any persons named in your response to Interrogatory No. 9.

11.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12.      State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.      Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.  For each person so identified, disclose the witness's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 9 of 14

14.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

15.     Please state if within the past ten years, you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter involving an incident involving personal injury, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16.     Please state whether any report was prepared concerning the incident described in the Complaint. If so, please set forth with respect to the report: who prepared it; when it was prepared; the nature of the information contained in the report; what was done with the report after it was prepared; and who has custody of the report at this time.

17.     Please describe all procedures implemented by the Defendant both before and after this incident to prevent slip and fall incidents on their premises. For each such procedure, please set forth the date such procedure was implemented and whether such procedure was followed on the date of the incident at the branch described in the Complaint.

18.     Please list the dates of all surveillance taken, the name of the person who performed the surveillance, and the name and address of the company for whom he works.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 10 of 14

19.    Are you aware of any other claims for personal injury or property damage made by the Plaintiff(s)?  If so, please state:

      (a.)    The nature of the claim (Auto accident, slip and fall, etc.)

      (b.)    The name, address and claim of any insurance carrier against whom the claim was made (auto liability carrier, premises liability carrier, uninsured motorist carrier, etc.)

      (c.)    The names and addresses of ALL health care providers who treated or examined the Plaintiff(s).

      (d.)    The part(s) of the body that were claimed to be injured.

20.    The name and address of all employees/ managers depicted in the video requested in Request to Produce number 12 served in these interrogatories together with a brief description of the employee/ manager and the time of the video when they first appear.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 11 of 14

_____

On behalf of Birge & Held Asset Management, LLC

_____

Print Name and Title

STATE OF TENNESSEE    )
                      )SS:
COUNTY OF_____  )

THE FOREGOING INSTRUMENT was acknowledged before me this ____ day of _____, 20__, by _____, who is personally known to me or who has produced _____ as identification and who did/did not take an oath.

_____

NOTARY PUBLIC
State of Tennessee at Large

_____

Name of Notary Public - typed, printed or stamped

(Seal)

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management,
LLC
Page 12 of 14

## PLAINTIFF'S REQUESTS FOR PRODUCTION

1.      Any and all **color** copies of photographs taken of the scene of the incident. **Please indicate in your response if color photographs do not exist.  If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

2.      Any and all **color** copies of photographs of the Plaintiff.  **Please indicate in your response if color photographs do not exist.  If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

3.      Any and all writings documenting the incident including any reports, notes, diaries, or other written documents.

4.      A copy of the Defendant's policy of insurance.

5.      Any and all surveillance of Plaintiff.

6.      Any and all documents reflecting Defendant's procedures designed to prevent incidents such as the one described in the complaint.

7.      Any and all documents reflecting floor cleaning, maintenance, inspections, or warnings on the date of the incident.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 13 of 14

8.    Any and all medical records of the Plaintiff.  Please note that this is an ongoing Request and Defendant has a duty to supplement this answer as soon as additional records or information is gathered.

9.    Any and all documents identifying any employees of the Defendant who were present at the time of the incident.

10.    Any and all statements of Plaintiff whether written or recorded including any notes purporting to document statements by Plaintiff.

11.    Any and all statements of any witnesses whether written or recorded including any notes purporting to document statements by any witnesses.

12.    Any and all video recordings of:

a.    The Plaintiff anywhere on the premises (inside or outside) on the day of the incident.

b.    The scene of the incident for one (1) hour before the incident to one (1) hour after the incident.

13.    All medical records, reports, or bills concerning the Plaintiff whether for this incident or for any other incident or reason.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, Birge & Held Asset Management, LLC
Page 14 of 14

14.    All records and/or items regarding any other claims including claims for tangible or intangible damages made by the Plaintiff.

15.    A copy of the resume or dossier of any expert identified in your answers to Interrogatories.

16.    A copy of any reports, charts, diagrams, graphs, images or other documents that were prepared or relied upon by any expert identified in your answers to Interrogatories.

17.    A copy of any and all correspondence and communications exchanged by any expert identified in your answers to Interrogatories and the Defendant or Defendant's counsel.

ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RODNEY JOHNSON,

      Plaintiff,

vs.

THE VIEW AT SHELBY FARMS and    Case No:
BIRGE & HELD ASSET MANAGEMENT,   Div.:
LLC,                        Jury Demanded

      Defendants.

## NOTICE OF PROPOUNDING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, THE VIEW AT SHELBY FARMS APARTMENTS

**COMES NOW** the Plaintiff, by and through the undersigned counsel, and propound the following Interrogatories and Requests for Production to be answered by Defendant, The View at Shelby Farms Apartments, under oath and in writing within forty five (45) days after service hereof as provided by Tennessee Rules of Civil Procedure 33 & 34.

By: _____
    Allen Gressett, Esq. (#29187)
    Email: agressett@schwedlawfirm.com
    Attorney for Plaintiff
    Schwed, Adams & McGinley, P.A.
    88 Union Center
    88 Union Avenue
    11th Floor, Suite 1100
    Memphis, Tennessee 38103
    Telephone: (901) 313-3411
    Facsimile: (901) 577-1400

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 2 of 14

## CERTIFICATE OF SERVICE

I, Allen Gressett, do hereby certify that a true and correct copy of the foregoing has been sent for service with the Complaint.

ALLEN GRESSETT, ESQ

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 3 of 14

<u>DEFINITIONS</u>

1.   The term "document" or "documents" shall mean any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type of description, regardless of origin or location, in your actual or constructive possession, custody or control. And whether prepared, published, or recorded by your or any other person or entity, including without limitation all correspondence, records, tables, charts, analyses, graphs, videotapes, photographs, schedules, films, reports, slides, negatives, audiotapes, memoranda, notes lists, calendars, telexes, messages (including but not limited to, reports of telephone conversations and conferences, studies, books, periodicals, magazines, booklets, circulars, bulletins, inter-office communications, questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, invoices, statements, acknowledgments, bills, bills of lading, data processing cards, generated matter, photographs, photographic negatives, phonographic records, transcripts or logs of recordings, all other data compilations from which data can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinion or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts and/or preliminary notes), or any other situation in which thoughts and/or ideas are recorded in any form whatsoever. If a document has been prepared and several copies or additional copies have been made, or copies are not identical (by reason of subsequent modification, by the addition of notations or other marginalia) each non-identical copy is a subsequent document.

2.   "Identify," used with respect to documents means that you are required, for each and every document, to:

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 4 of 14

(a)    state the exact name and title by which you refer to it; (b) state the date of the document and all of its serial or identifying numbers, if any; (c) identify, by providing all of the information required by Definition No. 3, each and every person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document; (d) state its general subject matter; (e) state the current location of the document and identify, by providing all information required by Definition No. 3, the present custodian of the document; (f) identify, by providing all of the information required by Definition No. 3, each and every addressee, if any, of the document or any copy of the document.

3.    "Identify," when used in reference to persons means that you are required to state the name and last known business and residence address, and, if other than natural persons, the full name and address of the entity.

4.    "Person" or "persons" shall mean all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization, business, public governmental entity, private governmental agency, and/or any other entity of any type or kind whatsoever whether recognized in law, fact, or otherwise.

5.    "You" or "your" shall mean The View at Shelby Farms Apartments's, as well as all representatives and other persons acting on behalf of THE VIEW AT SHELBY FARMS APARTMENTS, including but not limited to all agents and attorneys.

6.    Use of the present tense in this document includes the past and future tenses, use of singular form includes the plural form and use of the masculine form include the feminine form and vice-a-versa.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 5 of 14

7.      "Our" and/or "ours" shall mean RODNEY JOHNSON's, as well as all representatives and other persons acting on behalf of RODNEY JOHNSON, including but not limited to all agents and attorneys.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 6 of 14

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT, THE VIEW AT SHELBY FARMS APARTMENTS

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    Please state whether the entity named as the Defendant in the Complaint had ownership, possession and/or control of the premises described in the Complaint at the time of the incident described in the Complaint.  If not, please identify the person or entity who did have ownership, possession and/or control at the time of the incident described in the Complaint.

3.    Describe any and all policies of insurance which you contend cover or may cover the Defendant named in the Complaint for the allegations set forth in plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4.    Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 7 of 14

5.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

6.      State the facts upon which you rely for each affirmative defense in your answer.

7.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

8.      Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

9.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 8 of 14

10.     Specify all persons whom you intend to call as a witness at the trial of this matter, including any persons named in your response to Interrogatory No. 9.

11.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

12.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.  For each person so identified, disclose the witness's qualifications (including a list of all publications authored in the previous ten years), a list of all other cases in which, during the previous four years, the witness testified as an expert, and a statement of the compensation to be paid for the study and testimony in the case.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 9 of 14

14.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

15.     Please state if within the past ten years, you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter involving an incident involving personal injury, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16.     Please state whether any report was prepared concerning the incident described in the Complaint. If so, please set forth with respect to the report: who prepared it; when it was prepared; the nature of the information contained in the report; what was done with the report after it was prepared; and who has custody of the report at this time.

17.     Please describe all procedures implemented by the Defendant both before and after this incident to prevent slip and fall incidents on their premises. For each such procedure, please set forth the date such procedure was implemented and whether such procedure was followed on the date of the incident at the branch described in the Complaint.

18.     Please list the dates of all surveillance taken, the name of the person who performed the surveillance, and the name and address of the company for whom he works.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 10 of 14

19.    Are you aware of any other claims for personal injury or property damage made by the Plaintiff(s)?  If so, please state:

   (a.)    The nature of the claim (Auto accident, slip and fall, etc.)

   (b.)    The name, address and claim of any insurance carrier against whom the claim was made (auto liability carrier, premises liability carrier, uninsured motorist carrier, etc.)

   (c.)    The names and addresses of ALL health care providers who treated or examined the Plaintiff(s).

   (d.)    The part(s) of the body that were claimed to be injured.

20.    The name and address of all employees/ managers depicted in the video requested in Request to Produce number 12 served in these interrogatories together with a brief description of the employee/ manager and the time of the video when they first appear.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 11 of 14

_____

On behalf of The View at Shelby Farms
Apartments

_____

Print Name and Title

STATE OF TENNESSEE   )
                         )SS:
COUNTY OF_____)

      THE FOREGOING INSTRUMENT was acknowledged before me this _____ day of

_____, 20___, by _____, who is personally

known to me or who has produced _____ as identification and

who did/did not take an oath.

_____

NOTARY PUBLIC
State of Tennessee at Large

_____

Name of Notary Public - typed, printed or
stamped

(Seal)

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 12 of 14

## PLAINTIFF'S REQUESTS FOR PRODUCTION

1.    Any and all **color** copies of photographs taken of the scene of the incident. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

2.    Any and all **color** copies of photographs of the Plaintiff. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

3.    Any and all writings documenting the incident including any reports, notes, diaries, or other written documents.

4.    A copy of the Defendant's policy of insurance.

5.    Any and all surveillance of Plaintiff.

6.    Any and all documents reflecting Defendant's procedures designed to prevent incidents such as the one described in the complaint.

7.    Any and all documents reflecting floor cleaning, maintenance, inspections, or warnings on the date of the incident.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 13 of 14

8.      Any and all medical records of the Plaintiff.  Please note that this is an ongoing Request and Defendant has a duty to supplement this answer as soon as additional records or information is gathered.

9.      Any and all documents identifying any employees of the Defendant who were present at the time of the incident.

10.      Any and all statements of Plaintiff whether written or recorded including any notes purporting to document statements by Plaintiff.

11.      Any and all statements of any witnesses whether written or recorded including any notes purporting to document statements by any witnesses.

12.      Any and all video recordings of:

a.      The Plaintiff anywhere on the premises (inside or outside) on the day of the incident.

b.      The scene of the incident for one (1) hour before the incident to one (1) hour after the incident.

13.      All medical records, reports, or bills concerning the Plaintiff whether for this incident or for any other incident or reason.

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Plaintiff's Interrogatories and Requests for Production to Defendant, The View at Shelby Farms
Apartments
Page 14 of 14

14.     All records and/or items regarding any other claims including claims for tangible or intangible damages made by the Plaintiff.

15.     A copy of the resume or dossier of any expert identified in your answers to Interrogatories.

16.     A copy of any reports, charts, diagrams, graphs, images or other documents that were prepared or relied upon by any expert identified in your answers to Interrogatories.

17.     A copy of any and all correspondence and communications exchanged by any expert identified in your answers to Interrogatories and the Defendant or Defendant's counsel.

ELECTRONICALLY FILED
2021 Oct 28 1:45 PM
CLERK OF COURT
ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. _____

◉ Lawsuit
○ Divorce

Ad Damnum $ _____

| RODNEY JOHNSON | VS | THE VIEW AT SHELBY FARMS, and BIRGE & HELD ASSET MANAGEMENT, LLC |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

BIRGE & HELD ASSET MANAGEMENT, LLC
c/o CT CORPORATION SYSTEM
3800 NORTH CENTRAL AVENUE
SUITE 460
PHOENIX, ARIZONA 85012

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
◉ Private Process Server
○ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's

attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103

telephone (901) 313-3411          within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __23rd__ day of __September__ , 20 __21__ at __9:28__ __A__ M. a copy of the summons

and a copy of the Complaint to the following Defendant __Birge & Held Asset Management, LLC c/o CT Corporation System__

at ____3800 N Central Ave., Ste 460, Phoenix, AZ 85012__

By: _____

Signature of person accepting service                    Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
                              Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**   CT-3769-21

**Type:**      SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

## AFFIDAVIT OF SERVICE

STATE OF TENNESSEE, COUNTY OF SHELBY                                    Case #: CT-3769-21

---

Rodney Johnson

vs.                                                                              Plaintiff

The View at Shelby Farms, et al.

Defendant

---

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

### Summons & Complaint

| | |
|---|---|
| PARTY SERVED: | **BIRGE & HELD ASSET MANAGEMENT, LLC C/O CT CORPORATION SYSTEM** |
| PERSON SERVED: | **CHRISTINE NAPIER, AGENT** |
| METHOD OF SERVICE: | **Corporate** - By leaving copies with the person identified above, apparently in charge at the office or usual place of business. I informed him/her of the general nature of the papers. |
| DATE & TIME OF DELIVERY: | **09/23/2021 at 9:28 AM** |
| ADDRESS, CITY AND STATE: | **3800 N CENTRAL AVE., STE 460, PHOENIX, AZ 85012** |
| DESCRIPTION: | Race: **White**  Sex: **Female**  Age: **40**  Height: **5'6"**  Weight: **160**  Hair: **Blonde**  Glasses: **No** |

SUBSCRIBED AND SWORN to before me on the
___ day of ___ , ___

NOTARY PUBLIC

I declare under penalties of perjury that the information contained herein is true and correct.

Signature: _____

Keith E Blanchard

Registration No: MC-8694

KAREN LYNN TRUMPOWER
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
Commission #: 597213
My Comm. Expires January 24, 2025

Judicial Attorney Services, Inc. 2942 N 24th St., Ste 114  Phoenix, AZ 85016, (877) 659-3448

---

CLIENT: **Professional Process Servers, Inc.**                                         Job #: **474872**
FILE #:

ELECTRONICALLY FILED
2021 Oct 28 1:45 PM
CLERK OF COURT
ELECTRONICALLY FILED
2024 Sep 17 12:49 PM
CLERK OF COURT

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. _____

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| RODNEY JOHNSON | VS | THE VIEW AT SHELBY FARMS, and BIRGE & HELD ASSET MANAGEMENT, LLC |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

BIRGE & HELD ASSET MANAGEMENT, LLC
8902 NORTH MERIDIAN STREET
SUITE 205
INDIANAPOLIS, INDIANA 46260

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◉ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's

attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103

telephone (901) 313-3411                within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____     By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master     By: _____, D.C.



**The Shelby County, Tennessee Circuit Court**

**Case Style:**          RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**      CT-3769-21

**Type:**                     SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _23rd_ day of _September_ , 20 _21_ at _3:38 P_ M. a copy of the summons

and a copy of the Complaint to the following Defendant _Birge & Held Asset Management, LLC_

at _8902 N Meridian St, Ste 205, Indianapolis, IN 46260_

By: _Raymond Birge_

_____     _____
Signature of person accepting service          Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE NOT SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ , 20 _____.

By: _____
Sheriff or other authorized person to serve process

AFFIDAVIT OF SERVICE

| Case:<br>CT-<br>3769-<br>21 | Court:<br>Circuit/Chancery Court of Tennessee for the Thirteenth<br>Judicial District at Memphis | County:<br>Shelby | Job:<br>6149672 (CT-3769-21) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Rodney Johnson | | Defendant / Respondent:<br>View at Shelby Farms | |
| Received by:<br>Evolution Process Service | | For:<br>Professional Process Servers, Inc | |
| To be served upon:<br>Birge & Held Asset Management, LLC | | | |

I, Raymond Bandy , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Andrew Gibbons, 8902 N Meridian St Ste 205, Indianapolis, IN 46260

Manner of Service:   Corporation, Sep 23, 2021, 3:38 pm EDT

Documents:   Summons, Complaint, Notice of Propounding Interrogatories and Requests for Production, Plaintiff's Interrogatories to Defendant, Plaintiff's Request for Production (Received Sep 22, 2021 at 3:32pm EDT)

Additional Comments:
1) Successful Attempt: Sep 23, 2021, 3:38 pm EDT at 8902 N Meridian St Ste 205, Indianapolis, IN 46260 received by Andrew Gibbons. Age: 45; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'; Hair: Blond;
Financial analyst

Raymond Bandy                     9/23/21
Raymond Bandy          Date

Evolution Process Service
5335 N Tacoma Ave Ste 5
Indianapolis, IN 46220
317-362-0316

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

9/23/2021                     3/19/2024
Date                     Commission Expires

CHRISTINA M. GREGORY
Notary Public, State of Indiana
Marion County
Commission # 680340
My Commission Expires
March 19, 2024

ELECTRONICALLY FILED
2021 Oct 28 1:45 PM
CLERK OF COURT
ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No._____

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| RODNEY JOHNSON | VS | THE VIEW AT SHELBY FARMS, and BIRGE & HELD ASSET MANAGEMENT, LLC |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

THE VIEW AT SHELBY FARMS
8056 COUNTRY SQUIRE LANE
CORDOVA, TENNESSEE 38018

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
◉ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's

attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103

telephone (901) 313-3411    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___23___ day of ___September___, 20_21_ at _1:38p_ M. a copy of the summons

and a copy of the Complaint to the following Defendant _The View at Shelby Farms by serving_

at _____ 8056 Country Squire LN ___ misty Rodriguez, mt. cord

_____                    By: _____
Signature of person accepting service                      Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**     RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**     CT-3769-21

**Type:**     SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

## AFFIDAVIT OF SERVICE

**State of Tennessee**                  **County of Shelby**                  **Circuit Court**

Case Number: CT-3769-21

Plaintiff:
**Rodney Johnson**

vs.

Defendant:
**The View at Shelby Farms and Birge & Held Management, LLC**

Received by Professional Process Servers, Inc on the 22nd day of September, 2021 at 1:38 pm to be served on **The View at Shelby Farms, 8056 Country Squire Ln, Cordova, TN**.

I, Gabe Tranum, being duly sworn, depose and say that on the **23rd day of September, 2021** at **1:38 pm, I:**

served a **BUSINESS** by delivering a true copy of the **Summons, Complaint, Notice of Propounding Interrogatories and Request for Production to Defendant** with the date and hour of service endorsed thereon by me, to:   **Misty Rodriquez** as **Maintanence Cord.** for **The View at Shelby Farms** , at the address of: **8056 Country Squire Ln, Cordova, TN,** and informed said person of the content therein, in compliance with state statues.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 27th day of September, 2021 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Gabe Tranum**
Process Server

**Professional Process Servers, Inc**
**ppsmemphis1@yahoo.com**
**5240 Mendenhall Park Place**
**Memphis, TN 38115**
**(901) 452-8986**

Our Job Serial Number: MPK-2021003640

ELECTRONICALLY FILED
2021 Oct 28 1:45 PM
CLERK OF COURT
ELECTRONICALLY FILED
2021 Sep 17 12:47 PM
CLERK OF COURT

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. _____    ◉ Lawsuit   ○ Divorce    Ad Damnum $ _____

| RODNEY JOHNSON | VS | THE VIEW AT SHELBY FARMS, and BIRGE & HELD ASSET MANAGEMENT, LLC |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

THE VIEW AT SHELBY FARMS
c/o CT CORPORATION SYSTEM
3800 NORTH CENTRAL AVENUE
SUITE 460
PHOENIX, ARIZONA 85012

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
◉ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Allen Gressett, Esq./ Schwed, Adams, McGinley, Plaintiff's

attorney, whose address is 88 Union Avenue, 11th Floor, Memphis, Tennessee 38103

telephone (901) 313-3411          within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __23rd__ day of __September__ , 20 __21__ at __9:28__ A M, a copy of the summons

and a copy of the Complaint to the following Defendant __The View At Shelby Farms c/o CT Corporation System__

at __3800 N Central Ave., Ste 460, Phoenix, AZ 85012__

By: _____

Signature of person accepting service                                    Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ , 20_____

By: _____
                                                    Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      RODNEY JOHNSON VS VIEW AT SHELBY FARMS

**Case Number:**   CT-3769-21

**Type:**             SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/17/2021 02:17:43 PM

## AFFIDAVIT OF SERVICE

STATE OF TENNESSEE, COUNTY OF SHELBY                    Case #: CT-3769-21

Rodney Johnson

Plaintiff

vs.

The View at Shelby Farms, et al.

Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

### Summons & Complaint

| | |
|---|---|
| PARTY SERVED: | **THE VIEW AT SHELBY FARMS C/O CT CORPORATION SYSTEM** |
| PERSON SERVED: | **CHRISTINE NAPIER, AGENT** |
| METHOD OF SERVICE: | **Corporate** - By leaving copies with the person identified above, apparently in charge at the office or usual place of business. I informed him/her of the general nature of the papers. |
| DATE & TIME OF DELIVERY: | **09/23/2021 at 9:28 AM** |
| ADDRESS, CITY AND STATE: | **3800 N CENTRAL AVE., STE 460, PHOENIX, AZ 85012** |
| DESCRIPTION: | Race: **White**   Sex: **Female**   Age: **40** |
| | Height: **5'6"**   Weight: **160**   Hair: **Blonde**   Glasses: **No** |

SUBSCRIBED AND SWORN to before me on the ___ day of _____

NOTARY PUBLIC

I declare under penalties of perjury that the information contained herein is true and correct.

Signature: _____

Keith E Blanchard
Registration No: MC-8694

KAREN LYNN TRUMPOWER
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
Commission #: 597213
My Comm. Expires January 24, 2025

Judicial Attorney Services, Inc. 2942 N 24th St., Ste 114  Phoenix, AZ 85016, (877) 659-3448

ELECTRONICALLY FILED
2022 Feb 02 2:47 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RODNEY JOHNSON,

     Plaintiff,

vs.

THE VIEW AT SHELBY FARMS and
BIRGE & HELD ASSET
MANAGEMENT, LLC,

     Defendants.

Case No: CT-3769-21
Div.: VIII
Jury Demanded

---

## MOTION FOR DEFAULT JUDGEMENT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and pursuant to Tennessee Rules of Civil Procedure 55.01 hereby gives notice to Defendants, The View at Shelby Farms and Birge & Held Asset Management, LLC, of his Motion to the court for Default Judgment and in support states:

1.    On September 17, 2021, Plaintiff filed his Complaint for damages following an incident which occurred on or about September 24, 2020.

2.    Process against the Defendant, The View at Shelby Farms, was issued by the Clerk of Court and served by personal service of process completed on September 23, 2021.

3.    Process against the Defendant, Birge & Held Asset Management, LLC, was issued by the Clerk of Court and served by personal service of process completed on September 23, 2021.

4.    As of the day of this filing, no answer or responsive pleading has been filed by the Defendant, The View at Shelby Farms, and more than thirty (30) days have expired since the

Case No.: CT-3769-21
Page 2 of 2

date of service on the Defendant.

5.    As of the day of this filing, no answer or responsive pleading has been filed by

Defendant, Birge & Held Asset Management, LLC, and more than thirty (30) days have expired

since the date of service on the Defendant.

**WHEREFORE,** premises considered, Plaintiff hereby moves for entry of Default

Judgment as to Defendants, The View at Shelby Farms and Birge & Held Asset Management,

LLC

Respectfully submitted this 2nd day of February, 2022.

_____
Allen Gressett, Esq. (#29187)
Email: agressett@schwedlawfirm.com
Attorney for Plaintiff
Schwed, Adams & McGinley, P.A.
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

## CERTIFICATE OF SERVICE

I, Allen Gressett, do hereby certify that a true and correct copy of the foregoing was sent
for service on this the 2nd day of February, 2022, to: The View at Shelby Farms, 8056 County
Squire Lane, Cordova, Tennessee 38018; Birge & Held Asset Management, LLC, 8902 North
Meridian Street, Suite 205, Indianapolis, Indiana 46260.

_____
Allen Gressett, Esq.

ELECTRONICALLY FILED
2022 Feb 22 3:15 PM
CLERK OF COURT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT, AT MEMPHIS**

**RODNEY JOHNSON,**

     **Plaintiff,**

                                       **No. CT-3769-21**

**v.**                                     **Division VIII**

**THE VIEW AT SHELBY FARMS, and**        **Jury Demanded**
**BIRGE & HELD ASSET MANAGEMENT, LLC,**

     **Defendants.**

## NOTICE OF APPEARANCE

       The undersigned attorneys, Christopher L. Vescovo, William C. Podesta, and the law

firm of Lewis Thomason, P.C., hereby enter their Notice of Appearance on behalf of Defendant,

Birge & Held Asset Management, LLC.  By filing this Notice, the undersigned are putting the

Court and the parties on notice of the undersigned's involvement, and said Defendant is hereby

reserving any and all defenses, both substantive and procedural, that the Defendant may have in

this cause.

Respectfully submitted,

**LEWIS THOMASON**

 s/ William C. Podesta
Christopher L. Vescovo, Esq. (BPR #14516)
William C. Podesta, Esq. (BPR #36303)
Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN  38103
(901) 525-8721
CVescovo@LewisThomason.com
WPodesta@LewisThomason.com

*Attorneys for Defendant, Birge & Held Asset Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2022, a copy of the foregoing pleading has been delivered to all parties at interest in this cause by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or party's attorney as follows:

| | |
|---|---|
| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ Fed X<br>☒ EFS<br>☒ E-mail | Allen Gressett<br>Schwed, Adams & McGinley, P.A.<br>88 Union Avenue<br>11th Floor, Suite 1100<br>Memphis, Tennessee 38103<br><br>*Attorney for Plaintiff* |

 s/ William C. Podesta
William C. Podesta, Esq. (BPR #36303)

ELECTRONICALLY FILED
2022 Mar 29 5:16 PM
CLERK OF COURT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT, AT MEMPHIS

**RODNEY JOHNSON,**

      **Plaintiff,**

                                  **No. CT-3769-21**

**v.**                                      **Division VIII**

**THE VIEW AT SHELBY FARMS, and**      **Jury Demanded**
**BIRGE & HELD ASSET MANAGEMENT, LLC,**

      **Defendants.**

## ANSWER OF DEFENDANT,
## THE VIEW AT SHELBY FARMS
## TO PLAINTIFF'S COMPLAINT

      Comes now The View at Shelby Farms ("Defendant"), by and through undersigned counsel, pursuant to Rules 8 and 12 of the Tennessee Rules of Civil Procedure, and asserts the following affirmative and legal defenses, responds to the averments set forth in Plaintiff's Complaint, and submits the following Answer:

### RESPONSES TO AVERMENTS

      1.      Defendant lacks the knowledge or information sufficient to admit or deny whether Plaintiff is a resident citizen of Shelby County, Tennessee, and demands strict proof thereof. Defendant admits that it is a foreign limited liability company licensed and authorized to conduct business in Tennessee.  The remaining averments set forth in Paragraph No. I are not directed toward this Defendant and, therefore, do not necessitate a response.

      2.      Defendant states that "The View at Shelby Farms" is not a legal entity; New CSQ, LLC, owned and did business as "The View at Shelby Farms" at the time of the events alleged in the Complaint.  Whether Plaintiff was an invitee of The View at Shelby Farms apartments calls

for a legal conclusion and, therefore, does not necessitate a response. Defendant denies that Defendant, Birge & Held Assert Management, LLC, owned The View at Shelby Farms apartments but admits that Defendant, Birge & Held Assert Management, LLC, operated The View at Shelby Farms apartments. Defendant lacks the knowledge or information sufficient to admit or deny the remaining averments set forth in Paragraph No. II and demands strict proof thereof.

3.      Defendant denies that it had exclusive control of the property in question. The remaining averments set forth in Paragraph No. III call for a legal conclusion and, therefore, do not necessitate a response.

4.      In response to Paragraph No. 1, Section III of the Complaint, Defendant asserts that whether Defendant owed a duty of care as alleged calls for a legal conclusion and, therefore, does not necessitate a response.

5.      Defendant denies the averments set forth in Paragraph No 2, Section III.

6.      Defendant denies the averments set forth in Paragraph No. 3, Section III.

7.      Defendant denies the averments set forth in Paragraph No. 4, Section III.

8.      Defendant denies the averments set forth in Paragraph No. 5, Section III.

9.      Defendant denies the averments set forth in Paragraph No. IV of Plaintiff's Complaint.

10.     In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief sought and denies that Defendant is liable to Plaintiff under any theory of recovery.

11.     Defendant joins in Plaintiff's demand for a trial by jury of twelve.

12.     Insofar as Defendant failed to admit or deny any averment of fact directed toward it, Defendant denies the same.

## <u>AFFIRMATIVE AND LEGAL DEFENSES</u>

13.    Defendant states affirmatively that Plaintiff's Complaint fails to state a claim upon which relief can be granted and moves to dismiss it pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

14.    Defendant states affirmatively that the injuries alleged in Plaintiff's Complaint, to the extent they are proven, were caused by Plaintiff's own negligence to such a degree that recovery is barred under the doctrine of comparative fault.  Defendant states affirmatively that Plaintiff assumed the risk of his injuries to such a degree that recovery is barred under the doctrine of comparative fault.  Such fault, to the extent applicable, includes but is not limited to failure to use reasonable care for plaintiff's own safety and to make responsible use of plaintiff's senses and failure to see or be aware of an unsafe condition that was obvious or should have been discovered through the use of reasonable care.

15.    Defendant asserts that it, including its agents and employees, breached no duty of care and caused no injury to Plaintiff.

16.    Defendant asserts that it, including its agents and employees, exercised the degree of care that a reasonable and prudent person would have exercised in the same or similar circumstances.

17.    Defendant asserts that the premises at issue was free of dangerous, defective, or unsafe conditions.

18.    In the alternative, to the extent that the premises at issue is proven to be defective and/or unreasonably dangerous at the time of Plaintiff's alleged fall, Defendant asserts that it did not have any notice, actual or constructive, of the alleged defect and/or unreasonably dangerous condition.

19.     In the alternative, to the extent that the premises at issue is proven to be defective and/or unreasonably dangerous at the time of Plaintiff's alleged fall, Defendant affirmatively states that such defects and/or unreasonably dangerous conditions were open and obvious, such that a reasonable person would identify the conditions and appreciate the risk(s) they pose.

20.     Defendant asserts that any injury sustained by Plaintiff, if proven, was not reasonably foreseeable to this Defendant.

21.     Defendant asserts that neither it nor its employees and/or agents had actual or constructive knowledge of any dangerous, defective, and/or unsafe conditions on or about the premises at issue.

22.     Defendant avers that the statutory caps on damages, set forth in Tenn. Code Ann. § 29-39-102, apply to this action.

23.     This Defendant affirmatively asserts all defenses under the doctrine of *respondeat superior* or any other agency principles.

24.     Defendant asserts that the investigation of this matter is not yet complete and, therefore, gives notice that any and all affirmative defenses that may be developed through investigation and discovery will be relied upon by Defendant at the trial of this case.  Defendant specifically reserves the right to amend this Answer and plead additional facts and/or defenses, including affirmative defenses, which may be supported by said investigation and discovery.  To the extent facts are developed that justify a reliance thereon, Defendant pleads and relies upon the defenses of comparative fault, assumption of the risk, independent and intervening cause, preexisting condition, and failure to mitigate damages.  As an affirmative defense, Defendant asserts any recovery should be barred on the basis of superseding or intervening cause.

25.     Defendant serves notice upon Plaintiff that its investigation of this matter is not yet complete and it is without sufficient information at this time regarding the assertion of any cross-claims, counterclaims, and/or third party claims against any other parties and specifically reserves the right to amend this Answer to include such cross-claims, counterclaims, and/or third party claims as appropriate as investigation and discovery in this matter continues.   Defendant specifically reserves the right to amend this Answer and plead and/or delete additional facts and/or defenses as may be supported by said discovery.

26.     Defendant avers that discovery is ongoing and incomplete, and so it reserves the right to amend this Answer in any manner as may be warranted by further discovery and investigation.

AND NOW, HAVING FULLY ANSWERED PLAINTIFF'S COMPLAINT, Defendant prays that it may be hence dismissed and that the costs hereof be adjudged against Plaintiff.  In the event that a trial is necessary, however, Defendant prays for a trial by a jury of twelve (12) persons.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

  s/ William C. Podesta
Christopher L. Vescovo, Esq. (BPR #14516)
William C. Podesta, Esq. (BPR #36303)
Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN  38103
(901) 525-8721

*Attorneys for Defendant, New CSQ, LLC, d/b/a The View at Shelby Farms*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 29th day of March, 2022, a copy of the foregoing pleading has been delivered to all parties at interest in this cause by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or party's attorney as follows:

| | |
|---|---|
| ☐ Hand | Allen Gressett |
| ☐ Mail | Schwed, Adams & McGinley, P.A. |
| ☐ Fax | 88 Union Avenue |
| ☐ Fed X | 11th Floor, Suite 1100 |
| ☒ EFS | Memphis, Tennessee 38103 |
| ☒ E-mail | |
| | *Attorney for Plaintiff* |

                        s/ William C. Podesta
                       William C. Podesta, Esq. (BPR #36303)

ELECTRONICALLY FILED
2022 Mar 25 12:11 PM
CLERK OF COURT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT, AT MEMPHIS**

**RODNEY JOHNSON,**

      **Plaintiff,**

                                           **No. CT-3769-21**

**v.**                                            **Division VIII**

**THE VIEW AT SHELBY FARMS, and**       **Jury Demanded**
**BIRGE & HELD ASSET MANAGEMENT, LLC,**

      **Defendants.**

**ANSWER OF DEFENDANT,
BIRGE & HELD ASSET MANAGEMENT, LLC,
TO PLAINTIFF'S COMPLAINT**

      Comes now Defendant, Birge & Held Asset Management, LLC ("Defendant"), by and through undersigned counsel, pursuant to Rules 8 and 12 of the Tennessee Rules of Civil Procedure, and asserts the following affirmative and legal defenses, responds to the averments set forth in Plaintiff's Complaint, and submits the following Answer:

<u>**RESPONSES TO AVERMENTS**</u>

      1.      Defendant lacks the knowledge or information sufficient to admit or deny whether Plaintiff is a resident citizen of Shelby County, Tennessee, and demands strict proof thereof. Defendant admits that it is a foreign limited liability company licensed and authorized to conduct business in Tennessee. The remaining averments set forth in Paragraph No. I are not directed toward this Defendant and, therefore, do not necessitate a response.

      2.      Whether Plaintiff was an invitee of The View at Shelby Farms apartments calls for a legal conclusion and, therefore, does not necessitate a response. Defendant denies that it owned The View at Shelby Farms apartments but admits that it operated The View at Shelby Farms

apartments.   Defendant lacks the knowledge or information sufficient to admit or deny the remaining averments set forth in Paragraph No. II and demands strict proof thereof.

3.      Defendant denies that it had exclusive control of the property in question.   The remaining averments set forth in Paragraph No. III call for a legal conclusion and, therefore, do not necessitate a response.

4.      In response to Paragraph No. 1. N Section III of the Complaint, Defendant asserts that whether Defendant owed a duty of care as alleged calls for a legal conclusion and, therefore, does not necessitate a response.

5.      Defendant denies the averments set forth in Paragraph No 2, Section III.

6.      Defendant denies the averments set forth in Paragraph No. 3, Section III.

7.      Defendant denies the averments set forth in Paragraph No. 4, Section III.

8.      Defendant denies the averments set forth in Paragraph No. 5, Section III.

9.      Defendant denies the averments set forth in Paragraph No. IV of Plaintiff's Complaint.

10.      In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief sought and denies that Defendant is liable to Plaintiff under any theory of recovery.

11.      Defendant joins in Plaintiff's demand for a trial by jury of twelve.

12.      Insofar as Defendant failed to admit or deny any averment of fact directed toward it, Defendant denies the same.

## AFFIRMATIVE AND LEGAL DEFENSES

13.     Defendant states affirmatively that Plaintiff's Complaint fails to state a claim upon which relief can be granted and moves to dismiss it pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

14.     Defendant states affirmatively that the injuries alleged in Plaintiff's Complaint, to the extent they are proven, were caused by Plaintiff's own negligence to such a degree that recovery is barred under the doctrine of comparative fault.  Defendant states affirmatively that Plaintiff assumed the risk of his injuries to such a degree that recovery is barred under the doctrine of comparative fault.  Such fault, to the extent applicable, includes but is not limited to failure to use reasonable care for plaintiff's own safety and to make responsible use of plaintiff's senses and failure to see or be aware of an unsafe condition that was obvious or should have been discovered through the use of reasonable care.

15.     Defendant asserts that it, including its agents and employees, breached no duty of care and caused no injury to Plaintiff.

16.     Defendant asserts that it, including its agents and employees, exercised the degree of care that a reasonable and prudent person would have exercised in the same or similar circumstances.

17.     Defendant asserts that the premises at issue was free of dangerous, defective, or unsafe conditions.

18.     In the alternative, to the extent that the premises at issue is proven to be defective and/or unreasonably dangerous at the time of Plaintiff's alleged fall, Defendant asserts that it did not have any notice, actual or constructive, of the alleged defect and/or unreasonably dangerous condition.

19.     In the alternative, to the extent that the premises at issue is proven to be defective and/or unreasonably dangerous at the time of Plaintiff's alleged fall, Defendant affirmatively states that such defects and/or unreasonably dangerous conditions were open and obvious, such that a reasonable person would identify the conditions and appreciate the risk(s) they pose.

20.     Defendant asserts that any injury sustained by Plaintiff, if proven, was not reasonably foreseeable to this Defendant.

21.     Defendant asserts that neither it nor its employees and/or agents had actual or constructive knowledge of any dangerous, defective, and/or unsafe conditions on or about the premises at issue.

22.     Defendant avers that the statutory caps on damages, set forth in Tenn. Code Ann. § 29-39-102, apply to this action.

23.     This Defendant affirmatively asserts all defenses under the doctrine of *respondeat superior* or any other agency principles.

24.     Defendant asserts that the investigation of this matter is not yet complete and, therefore, gives notice that any and all affirmative defenses that may be developed through investigation and discovery will be relied upon by Defendant at the trial of this case.  Defendant specifically reserves the right to amend this Answer and plead additional facts and/or defenses, including affirmative defenses, which may be supported by said investigation and discovery.  To the extent facts are developed that justify a reliance thereon, Defendant pleads and relies upon the defenses of comparative fault, assumption of the risk, independent and intervening cause, preexisting condition, and failure to mitigate damages.  As an affirmative defense, Defendant asserts any recovery should be barred on the basis of superseding or intervening cause.

25.     Defendant serves notice upon Plaintiff that its investigation of this matter is not yet complete and it is without sufficient information at this time regarding the assertion of any cross-claims, counterclaims, and/or third party claims against any other parties and specifically reserves the right to amend this Answer to include such cross-claims, counterclaims, and/or third party claims as appropriate as investigation and discovery in this matter continues.  Defendant specifically reserves the right to amend this Answer and plead and/or delete additional facts and/or defenses as may be supported by said discovery.

26.     Defendant avers that discovery is ongoing and incomplete, and so it reserves the right to amend this Answer in any manner as may be warranted by further discovery and investigation.

AND NOW, HAVING FULLY ANSWERED PLAINTIFF'S COMPLAINT, Defendant prays that it may be hence dismissed and that the costs hereof be adjudged against Plaintiff.  In the event that a trial is necessary, however, Defendant prays for a trial by a jury of twelve (12) persons.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

 s/ William C. Podesta
Christopher L. Vescovo, Esq. (BPR #14516)
William C. Podesta, Esq. (BPR #36303)
Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN  38103
(901) 525-8721

*Attorneys for Defendant, Birge & Held Asset Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2022, a copy of the foregoing pleading has been delivered to all parties at interest in this cause by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or party's attorney as follows:

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ Fed X<br>☒ EFS<br>☒ E-mail | Allen Gressett<br>Schwed, Adams & McGinley, P.A.<br>88 Union Avenue<br>11th Floor, Suite 1100<br>Memphis, Tennessee 38103<br><br>*Attorney for Plaintiff* |

 s/ William C. Podesta
William C. Podesta, Esq. (BPR #36303)

ELECTRONICALLY FILED
2022 Jun 02 2:44 PM
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT, AT MEMPHIS**

---

**RODNEY JOHNSON,**

     **Plaintiff,**

                                **No. CT-3769-21**

**v.**                               **Division VIII**

**THE VIEW AT SHELBY FARMS, and**       **Jury Demanded**
**BIRGE & HELD ASSET MANAGEMENT, LLC,**

     **Defendants.**

---

**DEFENDANT, BIRGE & HELD ASSET MANAGEMENT, LLC's
FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
PROPOUNDED TO PLAINTIFF**

---

Defendant, Birge & Held Asset Management ("Birge" or "this Defendant"), by and through undersigned counsel, pursuant to Rules 26, 33, and 34 of the Tennessee Rules of Civil Procedure, propound the following First Set of Interrogatories and Requests for Production to Plaintiff, to be answered under oath within thirty (30) days:

**<u>DEFINITIONS</u>**

The following definitions apply to these Interrogatories and Requests for Production unless specified or the context indicates otherwise:

A.      The term *"Person"* or *"Persons"* means any natural person in any capacity whatsoever, and any artificial person or identifiable entity, which shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, state, governmental agency, commission, or department.

B.      *"Document"* means anything (other than a natural person) which has physical

existence and is, contains, or embodies information, which is in the Plaintiff's possession, custody, control, including, but not limited to, all materials encompassed by Rule 34 of the Tennessee Rules of Civil Procedures, and anything by which data or information is recorded or stored, such as, without limitation, letters, memoranda, reports, records, contracts, notes, charts, drawings, schedules, graphs, indexes, photographs, and computer-stored data.

C.      *"Describe"* means a factual summary which includes, among other things, an identification of the persons, communications, and documents involved.

D.      *"Identify"*, when used in reference to a natural person, means to state the person's name, address, employer, and job title.

E.      *"Identify"* when used in reference to a non-natural person, such as a corporation or other entity, means to state all names under which the entity conducts business, its date of incorporation (if any), the addresses of its principal place of business, and the addresses from which it conducted work-related to this project.

F.      *"Identify"* when used in reference to a document means to state the form of the document (e.g., letter, memorandum, or contract), its title, its date, its subject matter, the name or names of its officers or recipients, and its present location or custodian.

G.      *"You"* or *"Plaintiff"* is meant to be and include Plaintiff, your agents, attorneys, and anyone acting on your behalf.

H.      *"Anyone acting on your behalf"* includes, but is not limited to, Plaintiff's attorneys, representatives, and consultants.

I.      *"Person"* includes a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

J.      *"Custodian"* refers to the person having possession, custody, or control.

K.     *"Incident"* refers to the incident out of which this cause of action or causes of action arise(s) and as described in the Complaint on file herein.

L.     *"Writing"* means handwriting, typewriting, printing, Photostatting, photographing, and every other means of recording upon any tangible thing or any form of communication or representation, including letters, words, pictures, sounds, symbols, or combinations thereof.

M.     *"Identify each writing and its custodian"* means to describe each writing with particularity sufficient to identify the same for a request to produce and state the name, address, telephone number, and job title or position of the person having possession, custody, or control thereof.

N.     Whenever an address or telephone number are requested, you are requested to furnish both the business and residence address and business and residence telephone number. *"Address"* means complete address i.e., house number or rural mail number, town or city, county, and state.

O.     *"Plaintiff's counsel"* includes the support staff of Plaintiff's counsel and those employed by Plaintiff's counsel's law firm, including legal assistants, investigators, secretaries, and paralegals.

## INTERROGATORIES

### INSTRUCTIONS

These Interrogatories are directed to the Plaintiff, but they include inquiry as to information within the knowledge of the Plaintiff's attorney(s), or anyone acting on Plaintiff's behalf. Furthermore, the inquiries made are continuing, so that the answers should be supplemented in the event new information is obtained by the Plaintiff, Plaintiff's attorney(s), or any other person acting on the Plaintiff's behalf.

If privilege is claimed as a ground for not answering any Interrogatory, or if an Interrogatory is otherwise objected to, describe the legal and/or factual basis for the claim of the privilege or other objection to each Interrogatory or Interrogatory part in sufficient detail so as to permit the Court to adjudicate the validity of the claim or objection, and identify all documents which refer to or relate to the information requested.

<u>FIRST SET OF INTERROGATORIES</u>

**INTERROGATORY No. 1:** State Plaintiff's full name, address, date of birth, and social security number.  List all names, including aliases, under which you have been known.

**INTERROGATORY No. 2:** State the name, address and telephone number of each person who may have knowledge of any facts and circumstances relevant to the events described in the Complaint, including, but not limited to, persons having knowledge of the Plaintiff's injuries and damages, eyewitnesses to the incident at issue, and those who have knowledge of events immediately preceding and subsequent to the incident at issue.

**INTERROGATORY No. 3:** If treatment or consultation was administered to Plaintiff by any doctor, psychiatrist, therapist, or other practitioner for any of the injuries alleged to have resulted from the occurrence described in the Complaint, state the name and address of each and every one so consulted or rendering treatment, together with the initial date of consultation and/or treatment and a description of the injury involved.

**INTERROGATORY No. 4:** State whether Plaintiff has been hospitalized as a result of any injuries alleged to have resulted from the occurrence described in the Complaint.  If so, give the name and address of each hospital, the admission and discharge dates of each hospitalization, a description of the injury involved, and treatment rendered during each hospitalization.

**INTERROGATORY No. 5:**     Identify and itemize each and every medical and hospital bill or expense for which Plaintiff is making a claim in this lawsuit.

**INTERROGATORY No. 6:**     List, describe, and itemize any expenses or any financial loss including, but not limited to, loss of income, which Plaintiff attributes to the occurrence involved in this lawsuit.

**INTERROGATORY No. 7:**     If Plaintiff was employed at the time of the subject incident, provide the name and address of any employer, the rate at which Plaintiff was paid, and the number of days missed from work.

**INTERROGATORY No. 8:**     Other than the doctors, psychiatrists, therapists, or other practitioners who have previously been identified in connection with treatment rendered for injuries resulting from the occurrence which is the subject of this lawsuit, state the names and addresses of each and every doctor, psychiatrist, therapist, or practitioner who has seen, examined, or treated Plaintiff for any reason during the past ten years.  With regard to each health care provider identified, give a brief statement of the reason for treatment and dates of treatment.

**INTERROGATORY No. 9:**     Other than hospitalizations resulting from injuries alleged to have resulted from the occurrence described in the Complaint, list the names and addresses of each hospital wherein Plaintiff has been seen, examined, treated, or confined during her lifetime.  With regard to each such hospitalization, give a brief statement of the reason for treatment or confinement, and dates.

**INTERROGATORY No. 10:**     State whether Plaintiff has suffered any injuries or illnesses whatsoever since the date of the occurrence described in the Complaint.  If so, list the nature of each such injury or illness and the date.

**INTERROGATORY No. 11:**     For each person whom you expect to call as an expert

witness at the trial of this matter, please state:

      a.      The name and address of each person;

      b.      The subject matter upon which the expert is expected to testify;

      c.      The substance of each and every fact to which the expert is expected to testify;

      d.      The substance of each and every opinion to which the expert is expected to testify, including, but not limited to, standard of care and causation opinions;

      e.      The ground for each opinion;

      f.      The witness's qualifications;

      g.      All publications authored by the witness in the prior ten years;

      h.      All other cases in which the witness has testified in the prior four years; and

      i.      The compensation to be paid the witness for study and testimony in the case.

**INTERROGATORY No. 12:**      State whether Plaintiff has ever been engaged either as a plaintiff or as a defendant in any other civil or criminal litigation.  If so, give the style of the case, the court, the docket number, outcome, and approximate date(s) the matter was commenced.

**INTERROGATORY No. 13:**      Other than litigation described in answer to the preceding Interrogatory, state whether Plaintiff has ever made a claim for personal injury or property damage against any person, institution, or insurance company.  If so, give the date of the occurrence which was the basis of the claim, the name and address of the person, institution, or insurance company against whom the claim was made, the nature of the claim, and the outcome of the claim.

**INTERROGATORY No. 14:**      Please state the substance of any statements relevant

to the allegations set forth in Plaintiff's Complaint, including any and all statements made to or by any agent and/or employee of any Defendant and those made to or by any individual identified in the Complaint, and for each such statement, identify the speaker and audience and those with knowledge of the statement and state whether it was recorded or transcribed, the mode of communication (e.g., in-person, telephone, correspondence) and the date and location of the statement of conversation.  This Interrogatory specifically seeks the substance of any such conversations or statements of which Plaintiff has knowledge or information or that are within Plaintiff's possession or control, regardless of whether it was recorded or transcribed. Additionally, "statements" are not limited to formal statements taken during the investigation into the facts of this lawsuit, but is broadly defined to mean "an oral or written assertion or nonverbal conduct of a person if it is intended by the person as an assertion."

**INTERROGATORY No. 15:**     Please identify and describe in detail any photographs, motion pictures, video recordings, or audio recordings that were taken of the scene of the incident at any time prior to, concurrently with, or following the injury, that depict the scene of the collision, Plaintiff's injuries, or that are otherwise relevant to any claim set forth in the Complaint.

**INTERROGATORY No. 16:**     Please describe, in detail, Plaintiff's account of the incident that is the subject matter of the Complaint in this action.  Please include in this account a description of the substance that Plaintiff claims was present on the stairs and caused his fall.

**INTERROGATORY No. 17:**     Please describe in detail all of Plaintiff's actions taken to mitigate damages.

**INTERROGATORY No. 18:**     If Plaintiff was employed at the time of the subject incident, provide the name and address of any employer, the rate at which Plaintiff was paid, the

total hours of work missed, and the dates missed from work.

## REQUESTS FOR PRODUCTION

### INSTRUCTIONS

Pursuant to Rule 34 of the Tennessee Rules of Civil Procedure, the Plaintiff is hereby required to produce for examination, inspection, and copying by the undersigned attorneys the following documents and things within his possession, custody, or control.  Such production is to take place at the office of William C. Podesta, 40 South Main, 29th Floor, Memphis, Tennessee, 38103, on or before the expiration of thirty (30) days, or in the alternative, this request may be complied with by providing copies of said requested items to Defendants' attorney at the address given below.

You are further notified that this request is deemed continuing so as to require supplemental responses if you obtain further material pertinent thereto prior to the completion of the trial of this matter.

If privilege is claimed as a ground for not answering any request for production, or if a Request for production is otherwise objected to, describe the legal and/or factual basis for the claim of the privilege or other objection to each Request for production or Request for production part in sufficient detail so as to permit the Court to adjudicate the validity of the claim or objection, and identify all documents which refer to or relate to the information requested.

### FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST No. 1:**    Please produce any and all photographs or documents depicting the any injuries to Plaintiff, the scene of the incident, or other relevant information.

**REQUEST No. 2:**    Please produce any and all medical records, bills, reports, or documents from any physicians or other practitioners of the healing arts, including hospitals and

clinics, who have treated or examined Plaintiff with respect to the injuries alleged in the Complaint.

**REQUEST No. 3:** Please produce any document which references permanence of injury sustained.

**REQUEST No. 4:** Please produce any and all documents evidencing charges made to you or expenses incurred by you for which you are seeking reimbursement in this lawsuit, including, but not limited to, medical services or treatment of any type.

**REQUEST No. 5:** To the extent you are claiming damages for lost income, past or future, please produce any and all documentation pertaining to or that supports this claim, including documentation of Plaintiff's earnings and missed work.

**REQUEST No. 6:** Please produce Plaintiff's income tax returns for the years 2017, 2018, 2019, 2020, and 2021, including all schedules and W-2 forms, along with all proof of earnings to date for year 2022.

**REQUEST No. 7:** Please produce any and all medical reports, statements, bills, or documents from any physicians or other practitioners of the healing arts, including hospitals and clinics, who have treated or examined Plaintiff with respect to any injuries or problems similar or related to any of the injuries or problems alleged in the Complaint or referenced in Plaintiff's Responses to Interrogatories and Requests for Production.

**REQUEST No. 8:** Please produce any documents, articles, correspondence, writing, or photographs which relate to any of the allegations in the complaint or any of the contentions identified in your response to interrogatories propounded in this action.

**REQUEST No. 9:** Please produce any other documents not produced which support any of your claims for damages.

**REQUEST No. 10:** Please produce any other documents not produced which were

referred to in preparing your Responses to these Interrogatories and Requests for Production.

**REQUEST No. 11:** Please provide completed, executed copies of the authorization(s) for the release of medical records, Social Security records, CMS records, and employment records, attached hereto as collective "Exhibit A."

**REQUEST No. 12:** Please produce any and all written, recorded, or documented statements that relate to any claim set forth in Plaintiff's Complaint or any Defendant's Answer, including all statements referenced in your Response to Interrogatory No. 14.

**REQUEST No. 13:** For each individual identified in your Response to Interrogatory No. 11, please provide a copy of their *curriculum vitae*.

**REQUEST No. 14:** For each individual identified in your Response to Interrogatory No. 11, please produce all documents provided to the individual by Plaintiff and/or Plaintiff's counsel, directly or indirectly.

**REQUEST No. 15:** For each individual identified in your Response to Interrogatory No. 11, please produce all documents reviewed by the individual to formulate their opinions, including any documents that the expert reviewed during their research and study into the case.

**REQUEST No. 16:** Please produce all correspondence between Plaintiff and/or Plaintiff's counsel and any individual identified in your Response to Interrogatory No. 11.

Respectfully submitted,

**LEWIS THOMASON**

 s/ William C. Podesta
Christopher L. Vescovo, Esq. (BPR #14516)
William C. Podesta, Esq. (BPR #36303)
Suite 2900, One Commerce Square
40 S. Main Street
Memphis, TN  38103
(901) 525-8721
CVescovo@LewisThomason.com
WPodesta@LewisThomason.com

*Attorneys for Defendant, Birge & Held Asset
Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June, 2022, a copy of the foregoing pleading has
been delivered to all parties at interest in this cause by placing a copy of same in the United States
mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or
party's attorney as follows:

| | |
|---|---|
| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ Fed X<br>☒ EFS<br>☒ E-mail | Allen Gressett<br>Schwed, Adams & McGinley, P.A.<br>88 Union Avenue<br>11th Floor, Suite 1100<br>Memphis, Tennessee 38103<br><br>*Attorney for Plaintiff* |

 s/ William C. Podesta
William C. Podesta, Esq. (BPR #36303)

ELECTRONICALLY FILED
2022 Aug 25 1:14 PM
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RODNEY JOHNSON,

     Plaintiff,

vs.

THE VIEW AT SHELBY FARMS and
BIRGE & HELD ASSET
MANAGEMENT, LLC,

     Defendants.

Case No: CT-3769-21
Div.: VIII
Jury Demanded

---

**PLAINTIFF'S NOTICE OF SERVING ANSWERS TO INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS**

---

     **COMES NOW** the Plaintiff, Rodney Johnson, by and through the undersigned Attorney,

and gives notice of serving answers to Interrogatories propounded by the Defendant, Birge &

Held Asset Management, LLC.

By: _____

     Allen Gressett, Esq. (#29187)
     Email: agressett@schwedlawfirm.com
     Attorney for Plaintiff
     Schwed, Adams & McGinley, P.A.
     88 Union Center
     88 Union Avenue
     11th Floor, Suite 1100
     Memphis, Tennessee 38103
     Telephone: (901) 313-3411
     Facsimile: (901) 577-1400

Rodney Johnson v. The View at Shelby Farms and Birge & Held Asset Management, LLC
Case No.: CT-3769-21
Plaintiff's Answers to Interrogatories
Page 2 of 2

<u>**Certificate of Service**</u>

    I hereby certify that a true and correct copy of the foregoing has been sent for service this 25th day of August, 2022, to: Will Podesta, Esquire, Lewis Thomason, One Commerce Square, 29th Floor, 40 South Main, Memphis, TN 38103; wpodesta@lewisthomason.com.

By:_____
       **ALLEN GRESSETT, ESQ.**

FILED

AUG 26 2022

Temika D. Gibson
CIRCUIT COURT CLERK
_____ D.C.

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RODNEY JOHNSON,

    Plaintiff,

vs.

THE VIEW AT SHELBY FARMS and
BIRGE & HELD ASSET
MANAGEMENT, LLC,

    Defendants.

Case No: CT-3769-21
Div.: VIII
Jury Demanded

## AGREED ORDER TO CHANGE DEFENDANT'S NAME

    **COME NOW** the Parties, by agreement, and change the name of Defendant, The View at Shelby Farms, to New CSQ, LLC d/b/a The View at Shelby Farms. It will not be necessary that Plaintiff file any further amendment to the Complaint to accomplish this change.

    IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant The View at Shelby Farms is hereby changed to New CSQ, LLC d/b/a The View at Shelby Farms. The costs of this cause shall abide the final outcome.

    **ORDERED, ADJUDGED, AND DECREED**

HON. ROBERT S. WEISS

8/26/22

DATE



APPROVED AS TO SUBSTANCE AND FORM:

Allen Gressett, Esq. (#29187)
Email: agressett@schwedlawfirm.com
Attorney for Plaintiff
Schwed, Adams & McGinley, P.A.
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400


Will Podesta, Esq. (#36303)
Email: wpodesta@lewisthomason.com
Attorney for Defendant
One Commerce Square
29th Floor
40 South Main
Memphis, TN 38103
Telephone: (901) 525-8721

### Certificate of Service

I, Allen Gressett, hereby certify that a true and correct copy of the foregoing has been sent for service this 25 day of June, 2022 to: Will Podesta, Esquire, Lewis Thomason, One Commerce Square, 29th Floor, 40 South Main, Memphis, TN 38103, wpodesta@lewisthomason.com.

Allen Gressett, Esq.

2